IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| EDNA N. ZULUETA | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:08-cv-998 |
| | ) JUDGE HAYNES |
| UNITED STATES OF AMERICA | ) |
| Defendant | ) |

## MEMORANDUM

Plaintiff Edna N. Zulueta filed this action for breach of settlement agreement against Defendant United States of America. On March 3, 2009, the Court transferred jurisdiction to the United States Court of Claims for lack of jurisdiction under the Tucker Act, 28 U.S.C. § 1346(a)(2) and 28 § 1491(a)(1). (Docket Entry No. 16). Before the Court is Defendant's motion to reconsider that Order (Docket Entry No. 18), filed on March 12, 2009. On March 19, 2009, Defendant amended its motion to correct a clerical error. (Docket Entry No. 20).

### A. Findings of Fact

The Plaintiff worked for the United States Postal Service (USPS) as a mail processing clerk. The Plaintiff filed an EEOC complaint against the USPS. On October 13, 2006, the parties settled the EEOC Complaint and agreed in pertinent part that "Management, Ryan Jenkins, will conduct a full investigation regarding threats made toward Edna Zuleuta. The investigation will be based upon names in Mrs. Zuleuta's EEO complaint." (Docket Entry No. 1, Exhibit 1).

1

By letters to USPS in December 2006, Plaintiff asserted that Defendant breached the settlement agreement.[1] (Docket Entry No. 11, Exhibits 1, 2). On May 2, 2007, the USPS determined that it did not breach the settlement agreement. (Docket Entry No. 11, Exhibit 2). Plaintiff appealed USPS's decision. (Docket Entry No. 1, Exhibit 3). On July 8, 2008, the EEOC determined that USPS had breached the settlement agreement. (Docket Entry No. 1, Exhibits 6, 7). As a result, the EEOC reinstated Plaintiff's EEOC complaint on July 17, 2008. (Docket Entry No. 1, Exhibit 7). On August 29, 2008, Plaintiff completed the formal EEOC complaint paperwork. (Docket Entry No. 1, Exhibit 10). On September 24, 2008, the USPS denied Plaintiff's formal EEOC Complaint. (Docket Entry No. 11, Exhibit 11).

On October 10, 2008, the Plaintiff filed the instant action for breach of settlement agreement seeking "make whole relief," including reinstatement or front pay and back pay. (Docket Entry No. 1, Complaint). On March 2, 2009, the Court held a status hearing. Plaintiff confirmed that this action was for breach of the parties' agreement. The Court stated its intention to transfer the case to the United States Court of Claims. By Order dated March 3, 2009, the Court transferred jurisdiction of the case to the United States Court of Claims. (Docket Entry No. 16). In the Order, the Court explained that the transfer was for lack of jurisdiction under the Tucker Act because it involved a contract claim against the United States in excess of $10,000.

Defendant timely filed its initial motion to reconsider the Court's Order pursuant to Federal Rule of Civil Procedure 59(e). In the motion, Defendant argues that the transfer to United States Court of Claims was in error because Plaintiff is not seeking monetary damages

---

[1] Also in December 2006, Defendant scheduled Plaintiff for a fitness for duty evaluation, placed Plaintiff on unpaid leave status, and terminated Plaintiff.

and the relief requested is outside the jurisdiction of the United States Court of Claims. (Docket Entry No. 19, at p. 1).

## B. Conclusions of Law

A party may seek to alter or amend a judgment under Federal Rule of Civil Procedure 59(e) by filing a motion "no later than ten days after the entry of the judgment." Fed. R. Civ. P. 59(e). "Rule 59(e) motions are aimed at *re* consideration, not initial consideration. Thus, parties should not use them to raise arguments which could, and should, have been made before judgment issued. Motions under Rule 59(e) must either clearly establish a manifest error of law or must present newly discovered evidence." Sault Ste. Marie Tribe of Chippewa Indians v. Engler, 146 F.3d 367, 374 (6th Cir. 1998)(emphasis in original)(quoting FDIC v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir. 1992)).

The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded . . . upon any express or implied contract with the United States . . . [.]" 28 U.S.C. §1491(a)(1). "The Tucker Act vests exclusive jurisdiction over money claims against the United States greater than $10,000 in the United States Claims Court." Matthews v. United States, 810 F.2d 109, 111 (6th Cir. 1987); see also 28 U.S.C. § 1346(a)(2).

In the Sixth Circuit case of Matthews v. United States, former air traffic controllers discharged after strike brought suit against the Federal Aviation Administration (FAA) seeking reinstatement, back pay, seniority and other benefits. Matthews, 810 F.2d at 109, 111. The district court granted the defendant's motion to dismiss the action. Id. at 110. On appeal, the Sixth Circuit held that exclusive jurisdiction for the action resided in the Claims Court, the

3

district court did not have jurisdiction over the controllers' claims, and ordered that the action be transferred to the Claims Court. Id. at 110-111, 113. Seeking to avoid the transfer, the controllers attempted to limit the requested relief to reinstatement and argued that "back pay upon reinstatement is not properly characterized as 'money damages.'" Id. at 111. Full back pay for each of the controllers would have been greater than $10,000. Id. The Sixth Circuit rejected the controllers' arguments on the grounds that "a judgment that the controllers are entitled to reinstatement would still result in the United States eventually being obliged to pay out money. Appellants cannot take their claim of relief out of the Tucker Act simply by changing its label." Id. The Sixth Circuit further stated, "[A] claimant may not avoid the exclusive jurisdiction of the Court of Claims merely by framing a complaint to seek nonmonetary relief when the result would be the equivalent of monetary damages." Id. at 113 (quoting State of Tennessee ex. rel. Leech v. Dole, 749 F.2d 331 (6th Cir. 1984), cert. denied. 472 U.S. 1018 (1985)).

Citing Taylor v. United States, 73 Fed. Cl. 532, 546, n. 25 (Fed. Cl. 2006), Defendant asserts that the Court of Claims does not have jurisdiction because Plaintiff has not sought money damages for breach of settlement agreement. In Taylor, the Court of Claims stated that "[t]o fall within the jurisdiction of the Court of Federal Claims, plaintiffs must be entitled to 'actual, presently due money damages from the United States,'" Id. at 545 (quoting United States v. King, 395 U.S. 1, 3 (1969)), and the Court of Claims "cannot award an equitable remedy in the absence of a viable claim for money damages." Taylor, 73 Fed. Cl. at 546. In Taylor, the Court of Claims further held that the contract at issue "itself does not need to be money-mandating because money damages are the default remedy for a breach of contract." Id. at 545.

Here, Plaintiff asserts a breach of contract claim against the United States. Plaintiff seeks

4

reinstatement and back pay. Back pay for the period from Plaintiff's discharge in December 2006 until the present would be much greater than $10,000. Because this is a contract claim against the United States seeking in excess of $10,000, exclusive jurisdiction rests with the United States Court of Claims. Matthews, 810 F.2d at 111. Therefore, the Court need not reach the other issues addressed in Taylor of whether Plaintiff is entitled to money damages on a breach of settlement agreement claim, compare Schnelle v. United States, 69 Fed. Cl. 463, 466-67 (Fed. Cl. 2006) with Mauras v. United States, 82 Fed. Cl. 295, 298 (Fed. Cl. 2008), or whether Plaintiff's claim could be interpreted as a common law breach of contract claim. See Taylor, 73 Fed. Cl. at 545.

At the status conference on March 2, 2009, the Court announced its intention to transfer the action to the United States Court of Claims. Defense counsel was present at the hearing and did not object to the transfer. Defendant first advanced the present argument relating to the nature of relief sought by Plaintiff in this Fed. R. Civ. P. 59(e) motion. Defendant has not presented "a manifest error of law" or "newly discovered evidence" to justify altering or amending the judgment under Fed. R. Civ. P. 59(e). See Engler, 146 F.3d at 374. Accordingly, the Defendant's motion for reconsideration (Docket Entry Nos. 18, 20) should be denied.

An appropriate Order is filed herewith.

Entered on this the ___7th___ day of April, 2009.

WILLIAM J. HAYNES, JR.
United States District Judge

5